```
                  UNITED STATES DISTRICT COURT
                  EASTERN DISTRICT OF LOUISIANA


LYNDA C. GILBERT                        CIVIL ACTION

VERSUS                                  NO. 06-2797

ALLSTATE INSURANCE COMPANY              SECTION "R"(5)
```

## ORDER AND REASONS

Defendant in the above-captioned action has moved for dismissal of plaintiff's claims pursuant to Rule 12 of the Federal Rules of Civil Procedure. For the following reasons, the Court DENIES defendant's motion.


I.   BACKGROUND

Plaintiff Lynda Gilbert is a resident of Plaquemines Parish who alleges that Hurricane Katrina rendered her home a total loss. She asks for relief from her homeowner's insurer, Allstate Insurance Company, under Louisiana's Valued Policy Law, La. Rev.

Stat. § 22:695.[1]  This action was transferred to this Court to resolve the question of whether the VPL applies under the facts alleged by the plaintiff.  Specifically, she asserts that Allstate improperly denied her coverage for her losses because Allstate failed to reimburse her for the full value of her home as stated in her homeowner's policy.  Plaintiff alleges that Allstate offered her "substantially less than the limits under the homeowner's policy" based on its determination that flood caused the damage to her property.  (R. Doc. 5, at 1). Plaintiff's homeowner's policy covers damage caused by wind and rain, but contains a clause excluding coverage for damage caused by flood.[2]  Allstate contends that this flood exclusion prevents plaintiff from recovering for her total loss when flood was the proximate cause of the total loss.  Allstate thus asserts that plaintiff's claims are fully disposed of by the reasoning in *Chauvin v. State Farm Fire & Casualty Co.*, 450 F. Supp. 2d 660

---

[1] The title of La. Rev. Stat. § 22:695 is actually "Valued policy clause; exceptions" but the Court uses the more common reference to this section for the sake of clarity.

[2] The exclusion found in Allstate's policy reads:
We do not cover loss to the property described in **Coverage A - Dwelling Protection or Coverage B - Other Structures Protection** consisting of or caused by:
1. Flood, including but not limited to surface water, waves, tidal water or overflow of any body of water, or spray from any of these, whether or not driven by wind.

(E.D. La. 2006), in which the Court dismissed claims predicated on the theory that plaintiffs are entitled to the full value of their policies so long as a covered loss caused some loss to their property.  Allstate moves to dismiss this action based on the arguments it raised in *Chauvin*.

## II.  LEGAL STANDARD

### A.  Motions to Dismiss Under Rule 12

In a motion to dismiss for failure to state a claim under Federal Rule of Civil Procedure 12(b)(6), the Court must accept all well-pleaded facts as true and view the facts in the light most favorable to plaintiffs.  *See Baker v. Putnal*, 75 F.3d 190, 196 (5th Cir. 1996); *American Waste & Pollution Control Co. v. Browning-Ferris, Inc.*, 949 F.2d 1384, 1386 (5th Cir. 1991).  The Court will generally not look beyond the face of the pleadings to determine whether dismissal is warranted under Rule 12.  Fed. R. Civ. P. 12(b); *Spivey v. Robertson*, 197 F.3d 772, 774 (5th Cir. 1999) (consideration of documents outside the pleadings requires converting the motion to one for summary judgment).  However, uncontested documents referred to in the pleadings may be considered by the Court without converting the motion to one for summary judgment, even when these documents are not physically attached to the complaint.  *See Great Plains Trust Co. v. Morgan*

*Stanley Dean Witter & Co.*, 313 F.3d 305, 313 (5th Cir. 2002). The Court must resolve doubts as to the sufficiency of the claim in plaintiffs' favor. *Vulcan Materials Company v. City of Tehuacana*, 238 F.3d 382, 387 (5th Cir. 2001). Dismissal is warranted if it appears certain that plaintiffs cannot prove any set of facts in support of their claim that would entitle them to relief. *Gen. Elec. Capital Corp. v. Posey*, 415 F.3d 391, 395 (5th Cir. 2005).

**B.   Interpreting Louisiana Law**

When a federal court must interpret a Louisiana statute, it must do so according to the principles of interpretation followed by Louisiana courts. *Gen. Elec. Capital Corp. v. Se. Health Care, Inc.*, 950 F.2d 944, 950 (5th Cir. 1991). In Louisiana, the sources of law are legislation and custom. *Shaw Constructors v. ICF Kaiser Eng'rs, Inc.*, 395 F.3d 533, 546 (5th Cir. 2004). These authoritative or primary sources of law are to be "contrasted with persuasive or secondary sources of law, such as [Louisiana and other civil law] jurisprudence, doctrine, conventional usages, and equity, that may guide the court in reaching a decision in the absence of legislation and custom." *Id.* (quoting La. Civ. Code art. 1). In Louisiana, "courts must begin every legal analysis by examining primary sources of law: the State's Constitution, codes, and statutes." *Id.* (quoting

4

*Prytania Park Hotel, Ltd. v. General Star Indem. Co.*, 179 F.3d 169, 174 (5th Cir. 1999)). To make an "Erie guess" on an issue of Louisiana law, the Court must "employ the appropriate Louisiana methodology" to decide the issue the way that it believes the Supreme Court of Louisiana would decide it. *Id.* (quoting *Lake Charles Diesel, Inc. v. Gen. Motors Corp.*, 328 F.3d 192, 197 (5th Cir. 2003)).

**III. DISCUSSION**

In her opposition to Allstate's motion to dismiss, plaintiff contends that the *Chauvin* decision is not controlling of the instant matter because plaintiff alleges in her complaint that Allstate "ignor[ed] clear evidence that wind caused severe damage prior to any flooding" when making its determination that flood proximately caused her total loss. (R. Doc. 7-1, at 7). Plaintiff also asserts in her amended complaint that Allstate's adjuster

> arbitrarily determined the damage to covered property
> was not caused by the covered peril of wind, but was
> caused by flood waters, an excluded peril under the
> policy, and based on this determination, defendant
> has only offered plaintiff substantially less than
> the limits under the homeowner's policy.

(R. Doc. 5, at 1). Thus, plaintiff argues that, construing the allegations in both her complaint and amended complaint in the

light most favorable to her, she may have a claim under the VPL because her total loss may have been proximately caused by a covered peril.  The Court did not rule on this issue in *Chauvin*. More recently, after the parties briefed this motion to dismiss, the Court found that the VPL may apply to a claim under a multi-peril homeowner's policy when a covered peril caused a total loss, and that the VPL did not apply exclusively to fire coverage.  *See Caruso, et al. v. Allstate Ins. Co., et al.*, No. 06-2613 (E.D. La. Feb. 26, 2007) (order denying in part defendants' motions to dismiss).

In light of the *Caruso* decision, the Court finds that, based on the face of plaintiff's complaint and amended complaint, she may be able to state a claim under the VPL because her pleadings can be construed as alleging a total loss caused by a covered peril.  It is therefore premature to dismiss plaintiff's claim. However, to the extent that plaintiff alternatively re-urges the arguments raised by the *Chauvin* plaintiffs (*i.e.*, that the VPL applies when any covered loss contributes to a total loss), the Court confirms its reasoning in *Chauvin*, which the Court applies in full here.  Thus, what remains of plaintiff's claim under the VPL is her allegation that a covered peril was the proximate cause of her total loss.

6

In addition, plaintiff's amended complaint asserts claims for bad faith adjustment practices and breach of contract under La. Rev. Stat. §§ 22:658 and 22:1220.  Allstate does not address these claims in its motion to dismiss.  Again construing plaintiff's allegations in the light most favorable to her, the Court finds that plaintiff sufficiently states a claim under those statutes.

**IV.  CONCLUSION**

For the foregoing reasons, the Court DENIES defendant's motion to dismiss plaintiff's claims.

New Orleans, Louisiana, this __2nd__ day of March, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE